# In the United States Court of Federal Claims
**BID PROTEST**

| | |
|---|---|
| **CLASSIC AIR CHARTERS, INC.**, *Plaintiff*, v. **THE UNITED STATES**, *Defendant*. | Case No. 25-286<br><br>Judge Hertling |

### CSI AVIATION, INC.'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rules of the United States Court of Federal Claims ("RCFC") 24(a), CSI Aviation, Inc. ("CSI"), through its undersigned counsel, respectfully moves to intervene as a matter of right in the above-captioned bid protest. Counsel for Plaintiff and Defendant have informed the undersigned that they do not oppose this motion. As discussed below, CSI is entitled to intervene as matter of right in accordance with RCFC 24(a) because it is the awardee of the Contract under protest in this action.

The matter is a post-award protest filed by Classic Air Charters, Inc. ("CAC") of an award issued by U.S. Immigration and Customs Enforcement ("ICE" or the "Agency") of a Blanket Purchase Agreement ("BPA") to CSI under Request for Quotation No. 70CDCR23Q00000004, for air charter services, including the provisioning of aircraft, pilots, crews, guards, nurses, personnel, materials, fuel, and other services. This procurement was previously subject to multiple GAO protests by CAC: *Classic Air Charters, Inc.*, B-421683.8 (Dismissed July 1, 2024); B-421683.7 (Dismissed June 13, 2024); B-421683.6 (Dismissed May 31, 2024); B-421683.5 (Dismissed May 31, 2024). CSI intervened in CAC's most recent GAO protests.

CSI is entitled to intervene as a matter of right because, as the contract awardee, it clearly has a significant interest in the outcome of these proceedings. RCFC 24(a) requires the Court to permit "[on] timely motion . . . anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Federal Circuit has held that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989).

CSI easily satisfies the elements for intervention as a matter of right in this protest and, thus, intervention under RCFC 24(a) is proper. *See Mgmt. Solutions & Sys., Inc. v. United States*, 75 Fed. Cl. 820, 826–27 (2007). CSI's interests in the procurement and award decision at issue "are so situated that the disposition of the action may as a practical matter impair or impede [CSI's] ability to protect its interest." RCFC 24(a). The Government's interest in the contract is not equivalent to CSI's economic interest in maintaining its position as the sole awardee of this BPA and CSI's interest will therefore not be adequately represented by the parties in the action. Furthermore, CSI has moved to intervene immediately upon notice of the filing of this protest, and its motion is therefore timely. Consequently, CSI meets the criteria for intervention under RCFC 24(a).

For these reasons, CSI respectfully requests that this Court grant CSI's motion to intervene.

Respectfully submitted,

/s/ Jennifer S. Zucker
Jennifer S. Zucker (Attorney-of-Record)
Melissa P. Prusock
Christopher M. O'Brien
Eleanor M. Ross
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
(202) 530-8515
(202) 331-3101 (Fax)
zuckerjs@gtlaw.com

*Counsel for CSI Aviation, Inc.*

Dated: February 18, 2025